UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| TODD BOYCE,              )<br>                                          )<br>            Petitioner,      )<br>v.                                        )       No. 1:08-cv-691-SEB-JMS<br>                                          )<br>SUPT. J. WRIGLEY,       )<br>                                          )<br>            Respondent.   ) | |

**Entry Discussing Petition for Writ of Habeas Corpus**

    Crediting the findings of a prison conduct adjustment board ("CAB") in a proceeding identified as No. NCF 08-02-0203, Todd Boyce ("Boyce") engaged in disorderly conduct during the morning of February 20, 2008, at the New Castle Correctional Facility, an Indiana prison. He did so by being disruptive after being informed that he would not be issued a pass to pick up his glasses at the medical department until the following day. Contending that the proceeding is tainted with constitutional error, Boyce has filed the present action seeking a writ of habeas corpus.

    The writ Boyce seeks can be issued only if the court finds that he is "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). When a prison disciplinary proceeding results in a sanction which affects the expected duration of a prisoner's confinement, typically through the deprivation of earned good-time credits or the demotion in credit earning class, the state may not deprive inmates of good-time credits without following constitutionally adequate procedures to ensure that the credits are not arbitrarily rescinded and habeas corpus is the proper remedy. *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004).

    "Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell,* 418 U.S. 539, 556 (1974). In these circumstances, Boyce was entitled to the following process before being deprived of his liberty interests: (1) advance (at least 24 hours before hearing) written notice of the claimed violation; (2) the opportunity to be heard before an impartial decision maker; (3) the opportunity to call witnesses and present documentary evidence (when consistent with institutional safety); and (4) a written statement by the fact-finder of the evidence relied on and the reasons for the disciplinary action. *Rasheed-Bey*

*v. Duckworth,* 969 F.2d 357, 361 (7th Cir. 1992). In addition, there is a substantive component to the issue, which requires that the decision of a CAB be supported by "some evidence." *Superintendent v. Hill,* 472 U.S. 445 (1985).

Under *Wolff* and *Hill,* Boyce received all the process to which he was entitled. That is, the charge was clear, adequate notice was given, and the evidence was sufficient. In addition, (1) Boyce was given the opportunity to appear before the CAB and make a statement concerning the charge, (2) the CAB issued a sufficient statement of its findings, and (3) the CAB issued a written reason for its decision and for the sanctions which were imposed. Boyce's claims otherwise are unavailing here, for in each instance those claims are either refuted by the expanded record or based on assertions which do not entitle him to relief.

! Boyce claims that he was denied due process when he was denied the right to present evidence and call witnesses on his behalf. Boyce received twenty-four hour notice of the charge, he was given the opportunity to request witnesses and evidence. Boyce's claim that he was denied his "right to witnesses" is without merit. At his screening Boyce requested one witness, Sergeant Patton, whose statement was obtained and presented to the Board. Boyce's claim that he was denied the opportunity to present evidence is refuted by the fact that a written statement was obtained from the sole person he had requested as a witness, that being Sgt. Patton, and this statement was considered by the CAB. He requested no physical evidence.

! Boyce also claims that a statement presented to the Board, that of Lieutenant Lucas, was altered by the Chairman of the CAB, Captain Deaton, by writing additional information in the space reserved for the witness. Captain Deaton appears to have written on the statement "Sgt. Patton came in when Lt was cuffing him up and I didn't hear the conversation." This sentence is unclear because the pronoun "I" is not identified, nor is it clear what "conversation" is referenced. If the conversation does not involve Boyce it is not relevant. If the "conversation" is between Boyce and an officer of the facility, the fact that it was not overheard simply means that additional testimony describing Boyce's demeanor and language is not available. To the extent the CAB erred in considering the added portion of Lieutenant Lucas' statement because it was not properly authenticated, the error is harmless. Boyce has not and cannot show that this error had a substantial and injurious effect on the outcome of the proceeding. *O'Neal v. McAninch*, 53 U.S. 432 (1995). The conduct report and the original portion of Lieutenant Lucas' statement are sufficient to show that Boyce was loud and cursing outside the chapel where the Black History Program was taking place.

! Boyce also asserts that he brought evidence to the hearing, specifically the Black History Official Count Letter, but the CAB refused to acknowledge it. Boyce asserts that the count letter would contradict Officer Davis' version of events, in that it would show that he did not attend the Black History Program mentioned in the conduct report. The conduct report's description of this incident states that Boyce

entered into the chapel for about five minutes. Therefore, even if Boyce presented the Black History Official Count Letter to the CAB and it erroneously refused to consider it, the error is harmless. The document supports the undisputed fact that Boyce was not credited with attending the Black History Program and does not dispute Officer Davis' statement that Boyce was shouting near the Chapel. For these reasons, Boyce cannot show that he was injured because the CAB did not consider the count letter as evidence.

!	Boyce seeks relief based on his claim that the conduct board was biased. This claim rests on the fact that an officer who was not a member of the conduct board twice entered the room where the conduct board was deliberating and engaged in conversation with members of the board regarding Boyce's case in violation of a prison regulation. The violation of a prison regulation does not support the relief Boyce seeks for the quite evident reason that the mere violation of a prison policy does not constitute even a cognizable claim under § 2254. *Evans v. McBride*, 94 F.3d 1062 (7th Cir. 1996); *Colon v. Schneider,* 899 F.2d 660, 672-73 (7th Cir. 1990); *see also Del Vecchio v. Illinois Dept. of Corrections,* 31 F.3d 1363, 1370 (7th Cir. 1994)(habeas corpus jurisdiction is limited to evaluating alleged violations of federal statutory or constitutional law), *cert. denied*, 516 U.S. 983 (1995). Further, this conversation does not reveal bias against Boyce, and a conduct board which adheres to *Wolff's* procedural requirements, does not pose a hazard of arbitrariness violative of due process. *Wolff,* 418 U.S. at 571. Those procedures were followed in this case. The claim of bias is without factual basis and is rejected as a ground supporting the award of federal habeas corpus relief.

!	"Disorderly conduct" is defined by the applicable prison code as: "Disruptive, unruly, rowdy conduct, making unreasonable noise or disturbing other people, arguing or horseplay." The evidence the CAB considered was sufficient in this case. It considered the conduct report, the offender's statement and witness statements. The conduct report describes Boyce as "very loud" and "yelling" which constitutes "some evidence" to find him guilty of disorderly conduct. The Board also had before it the statement of Lieutenant Lucas, who handcuffed Boyce and took him to segregation when he would not comply with orders to return to the chapel. Lieutenant Lucas' statement confirmed the reporting officer's claim that Boyce was loud. This evidence is constitutionally sufficient under *Hill. See Henderson v. United States Parole Comm'n*, 13 F.3d 1073, 1077 (7th Cir. 1993) (a federal habeas court "will overturn the . . . [conduct board's] decision only if no reasonable adjudicator could have found . . . [the petitioner] guilty of the offense on the basis of the evidence presented"). Although the evidence before the disciplinary board must "point to the accused's guilt," *Lenea v. Lane, 882* F.2d 1171, 1175 (7th Cir. 1989), "only evidence that was presented to the Adjustment Committee is relevant to this analysis." *Hamilton v. O'Leary,* 976 F.2d 341, 346 (7th Cir. 1992). Boyce's claim that statements from other officers support his innocence and should have lead the conduct board to find him not guilty is insufficient to establish a due process violation because there is sufficient evidence for a reasonable adjudicator to find him guilty of the offense. *Hill*, 472 U.S. at 457 ("The Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board.").

! Boyce argues that the CAB failed to follow the prison policy of imposing progressive discipline and that the sanctions which were imposed were excessive. The severity of the sanctions imposed does not present a cognizable claim under 28 U.S.C. § 2254(a) under the circumstances of this case. See *Koo v. McBride*, 124 F.3d 869, 875 (7th Cir. 1997) (the issue of sentencing within the parameters of state law is ordinarily outside the realm of federal habeas review).

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Boyce to the relief he seeks. Accordingly, his petition for a writ of habeas corpus must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 11/13/2008

*Sarah Evans Barker*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana